Samuel M. Gold, J.
This is a motion brought by a judgment creditor pursuant to CPLE 5225 for a turnover order of a bank account maintained with respondent by the judgment debtor and a cross motion by another judgment creditor for leave to intervene in this proceeding and for an order directing the respondent to pay over the moneys in said account to the Sheriff of the City of New York to be applied to the levy made by the Sheriff on behalf of said intervening judgment creditor. The judgment debtor has also appeared in this proceeding and has informed the court that there are outstanding checks for wages in the possession of the Department of Labor of the State of New York, which were drawn on the respondent bank by the judgment debtor.
It should be noted that the levy by the intervening judgment creditor was made one day after service of the instant petition upon respondent and the judgment debtor. The issue posed is therefore whether a judgment creditor who levies upon a debt in the hands of a third party has rights to the debt superior to those of another judgment creditor who previously served a subpoena and restraining notice upon the third party, and who, prior to the levy, commenced a special proceeding against the third party for an order transferring property pursuant to CPLE 5225.
CPLR 5234 (subd. [c]) specifically determines the priority of execution and nonexecution judgment creditors in receiving the proceeds of personal property belonging to the judgment debtor and states that the rights of a judgment creditor who secures an order, such as the one herein sought, are superior to those of a judgment creditor entitled to the proceeds of a levy if “ the order is filed before the property or debt is levied upon ”,
Inasmuch as the levy by the intervenor herein was made prior to the return date of this motion, it certainly would have priority over any order filed by movant which would necessarily be filed subsequent to the levy. The movant should have levied on the account immediately instead of bringing this proceeding.
The priority of a wage lien pursuant to section 22 of the Debtor and Creditor Law asserted by the movant has no bearing on the priority among various judgment creditors, one of whom holds a judgment for wages. Section 22 relates to assignments for the benefit of creditors and has no relationship to this proceeding.
Accordingly, the cross motion is granted and the motion is denied.