OPINION OF THE COURT
Stephen G. Crane, J.
This motion and cross motion expose to view a hiatus in the Civil Practice Law and Rules. Perhaps it exists by design to encourage prompt payment of judgments or swift posting of security to stay their execution pending appeal.
Defendant moves pursuant to CPLR 5204 to discharge levies of execution issued September 19 and 25, 1985 on two of its bank accounts. CPLR 5204 provides: "Upon motion of the judgment debtor, upon notice to the judgment creditor, the sheriff and the sureties upon the undertaking, the court may order, upon such terms as justice requires, that the lien of a money judgment, or that a levy made pursuant to an execution issued upon a money judgment, be released as to all or specified real or personal property upon the ground that the judgment debtor has given an undertaking upon appeal sufficient to secure the judgment creditor.”
A judgment in favor of plaintiff for $18,650.67 was rendered on August 30, 1985, and entered and docketed on September *1056 10, 1985. Plaintiff did not serve a copy of this judgment with notice of entry. Instead, it caused the Sheriff to levy execution on two bank accounts tying up over $33,000 of defendant’s funds.
Defendant served and filed a notice of appeal dated September 23, 1985, and by a bond dated October 9, 1985, it secured a stay of the judgment by an undertaking to pay $18,650.67 in the event of an affirmance, in whole or in part, or dismissal of its appeal. (CPLR 5519 [a] [2].)
Thus secured, the plaintiff has no interest in opposing this motion. It is the Sheriff, now owed $950.03 in poundage and fees, who cross-moves to fix that sum and direct its payment as a condition to the discharge of the levies. This, of course, aggravates the judgment debtor who feels that the judgment creditor should have served notice of entry of the judgment before acting to collect it thereby incurring poundage and fees. This overlooks the professional responsibility owing by counsel to the judgment creditor competently and zealously to safeguard his client’s interest (Code of Professional Responsibility, Canons 6, 7) and the maxim that "the race is to the swift” (Davidson, "War Song”). To have failed to act as plaintiff did risked loss of priority. (See, Siegel, NY Prac § 520, at 710; Matter of Graze v Bankers Trust Co., 45 Misc 2d 610.) Plaintiff had no obligation to serve a copy of the judgment with notice of entry before pursuing its enforcement remedies. "Once his judgment has been entered — that is the moment which makes the judgment enforceable — the judgment creditor may turn to whichever devices suit his particular purpose.” (Siegel, op. cit. § 485, at 652.)
Entry is defined in CPLR 5016 (a) as the filing of the judgment, after signature, by the clerk. It is the linchpin not only of enforcement but also of appeal, for no appeal may be taken until the judgment is entered. A stay pending appeal requires service on the adversary of a notice of appeal (CPLR 5519 [a]), and, in the circumstances at bar, of the undertaking contemplated in paragraph (2) thereof. The appellant must act quickly or risk the adversary’s earlier resort to enforcement proceedings. Surely, the judgment debtor could have protected itself earlier. After all, the judgment was dated August 30— although not appealable until its entry on September 10 (Siegel, op. cit. § 534, at 744) — and the undertaking is dated October 9.
The undertaking does not run in favor of the Sheriff. There *1057 is no way for the Sheriff to recover the poundage and fees to which he is entitled except from the defendant or its funds on which he has levied.
Accordingly, the motion and cross motion are granted to the extent that the lien of plaintiff’s judgment is released as to defendant’s accounts in Banco Central of New York and National Westminster Bank, U.S.A. except to the extent of $950.03 which are the fees and poundage owing to the Sheriff. This sum may be collected from the foregoing accounts unless the judgment debtor otherwise makes payment to the Sheriff on the settlement of the order hereon. In either event, if the judgment ultimately be reversed, the $950.03, shall be taxable as a disbursement in favor of the defendant. (CPLR 8301 [a] [12].)